## ERIE R. CO. v. FARRELL et al.

(Circuit Court of Appeals, Second Circuit. May 22, 1906.)

No. 197.

1. TRIAL—DIRECTION OF VERDICT—CONFLICTING EVIDENCE.

Where there is a direct conflict of evidence on an issue the court is not justified in taking such issue from the jury, who are the judges of the credibility of the witnesses, because the testimony on one side largely preponderates.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 342, 334, 338.]

2. RAILROADS—INJURY TO PERSON AT CROSSING—VIOLATION OF SPEED ORDI-
NANCE.

The violation by a railroad company of an ordinance regulating the
speed of trains is not conclusive evidence of negligence, but in an action
for an injury at a crossing is to be submitted to the jury as a circum-
stance from which negligence may be inferred.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§
1009, 1164½.]

In Error to the Circuit Court of the United States for the Southern
District of New York.

F. B. Jennings, for plaintiff in error.

J. B. Ker, for defendant in error.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

WALLACE, Circuit Judge. The assignments of error challenge
the refusal of the trial judge to direct a verdict for the defendant
upon the ground that the evidence established the contributory negli-
gence of the plaintiff, and his instructions to the jury upon the ques-
tion of the negligence of the defendant.

The testimony of the plaintiff that he was struck by the locomotive
of the defendant's train as he was attempting to cross the tracks of
the defendant at Monmouth street, and when the approaching train
was intercepted from his view by another train which had passed
him while he was waiting to cross, and the rest of his testimony
bearing upon the question of contributory negligence made, as this
court observed upon a former occasion (138 Fed. 28), "an improbable,
but not an impossible, case," and was overwhelmingly contradicted
by the evidence introduced by the defendant. Nevertheless the ques-
tion of his credibility was one for the jury, and if his testimony was
true it would have been error for the trial judge to take the case
from their consideration.

The trial judge in his charge to the jury upon the question
of the negligence of the defendant in effect instructed them to find
upon this issue in favor of the plaintiff, because the evidence was un-
contradicted that the train of the defendant was moving at a speed
in excess of that permitted by the city ordinance. He refused
to instruct them, as requested by the defendant, that the defendant's
failure to comply with the ordinance did not in itself constitute con-
clusive proof of negligence, and that it was for the jury to say, in
view of the situation and surroundings in that part of the city and all
the circumstances, whether the failure to comply was negligence.

The rule established by the weight of authority is, that the vio-
lation of the ordinance is not conclusive evidence of negligence, but
is to be submitted to the jury as a circumstance from which negli-
gence may be inferred. Grand Trunk Railroad Co. v. Ives, 144 U. S.
408, 12 Sup. Ct. 679, 36 L. Ed. 485; Hanlon v. South Boston Rail-
road, 129 Mass. 310; Knupple v. Ice Co., 84 N. Y. 490.

The crossing was at the outskirts of the city, was rarely used, and
the approaches to it afforded an unobstructed view for a long dis-
tance of a train approaching from any direction; and it could only

be owing to an extraordinary and almost impossible combination of circumstances that a person using it would be endangered or embarasssed in the least degree by the omission of the defendant to conform strictly to the ordinance.

The instructions given and refused, deprived the defendant of the benefit of a meritorious defense, and the assignments of error based upon the exceptions to the rulings are well taken.

The judgment is reversed.