*E. B. McClanahan (Kinney, McClanahan & Derby* on the brief) for plaintiff.

*C. W. Ashford* for defendants.

---

### TERRITORY OF HAWAII *v.* C. B. HALL.

Error to the District Magistrate of Waimea, Kauai.

Argued June 13, 1906.                    Decided June 18, 1906.

Frear, C.J., Hartwell and Wilder, JJ..

Furnishing intoxicating liquor to a minor—*evidence of dealer's knowledge of age of the minor.*

> At an evening entertainment at the defendant's liquor saloon there was a minor among the musical performers furnished with beer served by one of the defendant's employees but placed on a table, where the beer was drunk, by one not in the defendant's employ; the defendant was in and out during the evening.   Held: The evidence justified the inference that the defendant knew the beer was being indirectly furnished to the musicians.   It was for him to show, which he did not undertake to do, that he did not know or had no reason to suppose that any of them were minors.

#### OPINION OF THE COURT BY HARTWELL, J.

The magistrate convicted the defendant and sentenced him to a fine of $25 and $3 costs on the charge of violating Par. 5,

Sec. 12, Act 67, Laws of 1905, by furnishing beer to two minors at the business place (saloon) of the Kauai Wine & Liquor Co., of which the defendant was manager, the sentence being based on Sec. 40.

The errors assigned are: (1) That, in respect of Ioane, one of the boys furnished with beer, there was no evidence that he was a minor, but his father's evidence was that he was fully nineteen years of age, having been born in March, 1885, making him over twenty years old at the date of the offense charged; (2) That there was no evidence that the defendant or his agent or servant furnished the beer, or that either of the two persons referred to in the evidence as furnishing the beer was his servant or agent or authorized by him to furnish it, the evidence being that neither was his servant or agent or was acting on his behalf, and that shortly prior to the occasion referred to in the evidence as that on which the beer was furnished the defendant directed that no beer or other spirituous liquor be given or furnished to any minor and that all minors present at the place should be excluded.

Ioane testified that he had told the policeman that he was nineteen years of age but that he was not certain. We cannot say that the magistrate erred in finding his age to be as first stated by him for it does not appear that he made such finding.

It appears to have been a field night at the defendant's saloon on the occasion referred to, a crowd, including boys, being present, singing and instrumental music going on with free beer for the musicians, among whom were these two boys. The defendant was in and out and, of course, must have seen and approved what was going on, as, for instance, as one of the boys testified,—"I got beer for nothing while I was there. I was playing music there. Our leader told me to go there. Keodora (one of the defendant's employees) and others poured out the beer and called us." The other boy testified that he drank beer there handed to him by Aka and Andresen and that he got the beer for nothing; that the beer was set on a table.

The defendant is not exempt from the penal consequence resulting from beer being furnished to minors on the licensed

premises by a showing that it was not directly furnished by himself or any one in his employ but was furnished by some one else to whom it was handed by his agent or servant. It was a condition of the license "that no intoxicating liquor shall be sold or furnished to any minor," which condition was violated by the furnishing of the beer in this case. The intention of the statute is clear to protect minors from saloon influences, one of the conditions being "that no minor shall be permitted to loiter in or about the licensed premises." The condition that beer should not be furnished to minors was violated whether the defendant expressly authorized or consented to its being done or not. Evidently his employees dealt out the beer to others who set it before the minors.

But the important question presented in the case is not whether the evidence justifies, as we think it does, an inference that the defendant knew that the boys were drinking his beer on the premises, furnished them indirectly by his employees, but whether it can also be inferred from the evidence that he knew that the boy Hiram, shown by the evidence to have been eighteen years of age, was a minor.

In *Territory v. Cunha*, 15 Haw. 607, the defendant had been found guilty of employing a minor in his liquor saloon. Upon the question whether the evidence showed the defendant's knowledge or intent or responsibility on his part as to the minor's presence in the saloon, the court said: "We may assume for present purposes that such a showing must be made affirmatively and that it is not sufficient to show merely that the minor remained in the saloon and leave it to the defendant to show that he was ignorant of it and had nothing to do with it." It does not appear that in that case the defendant actually knew the age of the minor who testified that he was eighteen years old and that the defendant employed him in his saloon. The evidence was considered by the court to be sufficient to sustain the conviction.

The fact that the minor was furnished with beer upon the licensed premises showed a violation of the condition of the license, leaving it for the defendant to show his ignorance that the boy was a minor or that he had no reason to suppose it.

Judgment affirmed.

*M. F. Prosser, Deputy Attorney General,* for the Territory.

*A. Perry (W. T. Rawlins* with him on the brief) for defendant.

