293 F.2d 286
 Richard G. DIAZ, Plaintiff-Appellant,
v.
Donald W. FAULKNER, Virgil Gaines Hyneman, doing business as Hynie's Tavern and Seaboard Surety Company of New York, a New York Corporation, Defendants-Appellees.
 No. 14429.
 United States Court of Appeals Sixth Circuit.
 October 20, 1961.
 
 Phillip C. Kelly, Jackson, Mich. (Kelly, Kelly & Kelly, Jackson, Mich., Theodore Van Dellen, Albion, Mich., on the brief), for appellant.
 Edward D. Wells, Grand Rapids, Mich. (Cholette, Perkins & Buchanan, Grand Rapids, Mich., on the brief), for appellee.
 Before MILLER, Chief Judge, and McALLISTER and WEICK, Circuit Judges.
 PER CURIAM.
 
 
 1
 The action in the District Court, which has been referred to as a dramshop case, was for the recovery of damages for personal injuries sustained by plaintiff from an assault committed upon him by defendant Faulkner who was alleged to have been intoxicated. It was plaintiff's theory that the tavern owner and the surety on his bond were liable for these injuries because they were proximately caused or contributed to by the conduct of the tavern owner in making sales of intoxicating liquors to Faulkner, while he was intoxicated, in violation of the statutes of the State of Michigan. Section 18.993 M.S.A. (C.L. '48, § 436.22), as amended; Section 18.1000 M.S.A. (C.L. '48, § 436.29), as amended. Faulkner was not served with summons in the action.
 
 
 2
 The case against the tavern owner and his surety proceeded to trial before a jury and resulted in a verdict in favor of said defendants of no cause of action.
 
 
 3
 The principal error relied upon here for reversal of the judgment below was the action of the trial court in excluding opinion evidence of three lay witnesses offered by plaintiff with respect to the intoxication of the defendant Faulkner. Whether Faulkner was intoxicated was a vital issue of fact in the case.
 
 
 4
 The trial court permitted only one witness for plaintiff, namely, George Stahl, to express an opinion on this subject. Stahl testified that Faulkner was intoxicated.
 
 
 5
 Plaintiff's witness, William J. Morse, testified that he had known Faulkner for six or seven years; that he observed Faulkner in the tavern for about two hours drinking beer; that Faulkner's speech was slurred; that he was doing a lot of swearing and not behaving in his usual manner; that Faulkner "was loaded." The court would not permit Morse to state whether he had formed an opinion in regard to Faulkner being under the influence of liquor. It was the view of the court that no proper foundation had been laid for this question.
 
 
 6
 Plaintiff's witness, Jack L. Beilfuss, testified that he had also known Faulkner for six or seven years; that he played five or six games of pool with Faulkner at the tavern before the incident took place and had an opportunity to observe his conduct; that Faulkner's eyes were red and about half open; that he was a little unsteady; that Faulkner was playing pool badly; that Faulkner was angry, talking loudly and swearing. Beilfuss further testified that he formed an opinion as to whether Faulkner was under the influence of intoxicating liquor. The court then sustained an objection to the question as to what that opinion was on the ground that no proper foundation had been laid.
 
 
 7
 Plaintiff's witness, Lynford W. Bunday, had known Faulkner for about ten years. He saw Faulkner at a cottage during the afternoon preceding the assault; that he was then drinking gin; that Faulkner was beginning to be moody; that Faulkner took off his coat and tried to pick a fight with Bunday's friend Bushong outside of the cottage; that he saw Faulkner again at another tavern at Duck Lake known as "The Three D's" about 10:00 o'clock that evening and observed his behavior for a half hour to forty-five minutes; that Faulkner was drinking; that Faulkner was boisterous, moody, arguing with and picking on people standing at the bar; that Faulkner asked Bunday to go outside and fight. The court would not permit Bunday to state whether he had formed an opinion with respect to Faulkner being under the influence of intoxicants. The court was of the view that the evidence was too remote in point of time.
 
 
 8
 Defendants argue that no prejudice resulted to plaintiff by reason of the exclusion of the opinion evidence. They contend that the court permitted these lay witnesses to testify as to Faulkner's behavior during the evening in question and that the jury could draw its own conclusions and inferences from this conduct; that the testimony of the witness Morse to the effect that Faulkner "was loaded" was the equivalent of intoxication; that the court had discretion to determine the qualifications of the witnesses to express their opinions and did not abuse that discretion; that since the witness Stahl had been permitted to express his opinion, the testimony of the other witnesses was merely cumulative.
 
 
 9
 In our judgment, the foundation had been properly laid to qualify each of plaintiff's three witnesses to give his opinion with respect to Faulkner's intoxication. Each witness knew Faulkner prior to the incident in question. Each witness had the opportunity to and did observe and relate facts concerning Faulkner's appearance and behavior. The facts as related by the witnesses were sufficient to justify their opinions with respect to his intoxication. Since these witnesses were adequately qualified, the court had no discretion to exclude their testimony. The weight of the testimony was for the jury. It is no answer to say that the evidence was cumulative as the court did not exclude it for that reason.
 
 
 10
 Furthermore, the court permitted the tavern owner Hyneman and bartender Landenberger to testify as to their opinions that Faulkner was not intoxicated.
 
 
 11
 The result was that defendant presented to the jury opinions of two lay witnesses that Faulkner was not intoxicated and plaintiff had only one witness, Stahl, to testify that Faulkner was intoxicated. Since the burden of proof was upon the plaintiff, the exclusion of this admissible evidence, going to the vitals of the case, must be regarded as prejudicial to the substantial rights of plaintiff. Permitting the witnesses to relate facts with respect to Faulkner's behavior does not render the exclusion of the opinion evidence any the less prejudicial. Evidence of Faulkner's intoxication some hours previous to the incident as the witness Bunday attempted to relate was admissible particularly in the absence of proof that there was any change in his condition.
 
 
 12
 Under Michigan law the testimony of these three witnesses was admissible.
 
 
 13
 In Cook v. Standard Life & Accident Insurance Co., 84 Mich. 12, 47 N.W. 568, 571, the Supreme Court of Michigan held:
 
 
 14
 "A witness may state whether or not a person had the appearance of being intoxicated, and such statement of appearance would be the statement of a fact."
 
 
 15
 See also: Beaubien v. Cicotte, 12 Mich. 459.
 
 
 16
 In view of our ruling, we do not reach the other errors urged.
 
 
 17
 The judgment of the District Court is reversed and the cause remanded for a new trial.