GREGORY H. ADAMIAN, individually and as administrator,
*vs.* THREE SONS, INC.

Middlesex.    October 6, 1967. — January 5, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Proximate Cause. Alcoholic Liquors,* Sale to intoxicated person, Motor
vehicle. *Negligence,* Violation of law, Sale of liquor.

Sale, by the proprietor of a restaurant and barroom having a large park-
ing lot for the convenience of the motoring public, of alcoholic bev-
erages to an intoxicated patron in violation of G. L. c. 138, § 69, where
the proprietor knew or should have known that the patron arrived at
the premises in an automobile which the patron would drive away
upon the public highways, could have been found to have been neg-
ligent and the proximate cause of injuries to a third person in another
automobile with which the intoxicated patron's automobile collided
when he left the restaurant and drove upon a highway in an erratic
and reckless manner.

TORT.    Writ in the Superior Court dated August 29, 1966.

After sustaining a demurrer, the action was reported by
*Fairhurst,* J.

*John A. Gledhill, Jr.,* for the plaintiff.

*Edward J. Barshak* for the defendant.

WILKINS, C.J.    In this action of tort in three counts, a
judge of the Superior Court sustained a demurrer to the
declaration for failure to state a cause of action, and pur-
suant to G. L. c. 231, § 111, reported the correctness of his
rulings to this court.

Count 1 is by the plaintiff individually for his own per-
sonal injuries.    Counts 2 and 3 are by the plaintiff as ad-
ministrator of the estate of June Adamian, count 2 for
wrongful death, and count 3 for conscious suffering.    The
substantial allegations are identical in the three counts. The
defendant owned and operated a restaurant and barroom in
Waltham.    It was licensed as a common victualler under
G. L. c. 140, and as a seller of alcoholic beverages to be
drunk on the premises under G. L. c. 138.    The defendant

solicited the patronage of the motoring public, and provided a large parking facility for their convenience, well knowing that its patrons arrived and left by automobile on the public highways. On or about January 26 or 27, 1966, the defendant served alcoholic beverages to one Coomber, a paying customer, and negligently continued to serve him and to cause him to become greatly intoxicated, in violation of its duty to members of the general public using the public highways, "and further in violation" of G. L. c. 138, § 69. The defendant knew, or should have known, that Coomber arrived at its premises by automobile and upon leaving would drive the automobile on the public highway. Coomber, greatly intoxicated, upon leaving the restaurant operated the automobile on the public highways in such an erratic and reckless manner that it collided with the automobile in which the plaintiff and his intestate were riding.

General Laws c. 138, § 69, as appearing in St. 1933, c. 376, § 2, the statute alleged to have been violated, provides: "No alcoholic beverage shall be sold or delivered on any premises licensed under this chapter [entitled "Alcoholic Liquors"] to a person who is known to be a drunkard, to an intoxicated person, or to a person who is known to have been intoxicated within the six months last preceding, or to a person known to be supported in whole or in part by public charity." Section 62 of the statute makes a violation of § 69 a criminal offence.

A violation of a criminal statute is some evidence of the defendant's negligence as to all consequences the statute was intended to prevent. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 516. *Baggs* v. *Hirschfield*, 293 Mass. 1, 3. *Falvey* v. *Hamelburg*, 347 Mass. 430, 434. See Prosser, Torts (3d ed.) § 35, pp. 191 et seq.; Thayer, Public Wrong and Private Action, 27 Harv. L. Rev. 317. Had injury resulted to a customer on premises licensed under G. L. c. 138 at the hands of another customer who had been served liquor while intoxicated in violation of § 69, there could have been liability. See *Kane* v. *Fields Corner Grille, Inc.* 341 Mass. 640; *Wood* v. *Ray-Al Cafe, Inc.* 349 Mass. 766.

The issue is whether a different result must be reached as matter of law where damage occurs outside those premises to members of the general public by reason of the act of the intoxicated person in driving an automobile. The statute, as suggested in the declaration, was undoubtedly enacted with a purpose to safeguard, not only the intoxicated person himself, but members of the general public as well. The legislative policy, being clear, is not to be rendered futile of practical accomplishment because of the repeal at the end of the prohibition era of the Dram Shop Act which gave an express right of action to persons suffering damage due to a violation of the act. See St. 1933, c. 376, § 2, repealing St. 1879, c. 297, § 1 (as amended by St. 1880, c. 239, § 4, and c. 256, § 1). The case of *Barboza* v. *Decas,* 311 Mass. 10, does not aid the defendant. There the court ruled, and rightly we think, that an attempted rape by an intoxicated minor was not the proximate result of the illegal sale to him of intoxicating liquor.

Nor is the statute to be nullified by an inflexible adherence to the theory that the drinker alone is responsible, regardless of how intoxicated he may be when a bartender repeatedly serves him. For statements of this theory see *Fleckner* v. *Dionne,* 94 Cal. App. 2d 246;[1] *Cowman* v. *Hansen,* 250 Iowa, 358; *Stringer* v. *Calmes,* 167 Kans. 278; *State* v. *Hatfield,* 197 Md. 249; *Beck* v. *Groe,* 245 Minn. 28; *Seibel* v. *Leach,* 233 Wis. 66, 68.                                  :

A strong recent trend has been that the sale by a bartender to an intoxicated drinker may be found to be the proximate cause of an injury to a third person caused by the drinker's driving of an automobile. The first case in the trend was *Waynick* v. *Chicago's Last Dept. Store,* 269 F. 2d 322 (7th Cir.). This was closely followed by *Rappaport* v. *Nichols,* 31 N. J. 188, a unanimous opinion by Jacobs, J., with which we fully agree. Most recent cases are to the same effect. See *Davis* v. *Shiappacossee,* 155 So. 2d 365 (Fla.); *Colligan*

---

[1] The rule of this case, as affirmed by *Cole* v. *Rush,* 45 Cal. 2d 345, has been severely criticised in *Fuller* v. *Standard Stations, Inc.* 250 Cal. App. 2d 687.

v. *Cousar,* 38 Ill. App. 2d 392; *Elder* v. *Fisher,* 247 Ind. 598; *Berkeley* v. *Park,* 47 Misc. 2d (N. Y.) 381; *Jardine* v. *Upper Darby Lodge No. 1973,* 413 Pa. 626; *Mitchell* v. *Ketner,* 54 Tenn. App. 656.

Henceforth in this Commonwealth waste of human life due to drunken driving on the highways will not be left outside the scope of the foreseeable risk created by the sale of liquor to an already intoxicated individual. We are unwilling to hold that the defendant's act could not, as matter of law, be the proximate cause of the injuries to the plaintiff and to his intestate.

In accordance with the terms of the report, the demurrer is to be overruled.

*So ordered.*