ELLEN FAULK, Plaintiff–Appellant, v. SUZUKI MOTOR CO., LTD.; SUZUKI MOTOR CO., LTD. OF JAPAN; SUZUKI RESEARCH AND DEVELOPMENT, INC.; AMERICAN SUZUKI MOTOR CORPORATION; COASTAL SUZUKI; ALBERT CABRAL; JOHN DOES 1–5; DOE CORPORATIONS 1–5; DOE PARTNERSHIPS 1–5; ROE NON–PROFIT CORPORATIONS 1–5; and ROE GOVERNMENTAL AGENCIES 1–5, Defendants, and ALBERT CABRAL, Defendant and Third–Party Plaintiff–Appellee, v. JAIME M. BUMANGLAG, Third–Party Defendant, and AMERICAN SUZUKI MOTOR CORPORATION, Defendant and Third–Party Plaintiff, v. JAIME M. BUMANGLAG, Third–Party Defendant

NO. 15753

(CIVIL NO. 90–0261(1))

MAY 4, 1993

BURNS, C.J., HEEN, AND WATANABE, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

Plaintiff Ellen Faulk (Faulk) appeals the circuit court's October 18, 1991 judgment entered in accordance with its October 18, 1991 Order Granting Defendant and Third–Party Plaintiff Albert Cabral's Motion for Summary Judgment. The October 18, 1991 judgment is a final judgment pursuant to Hawai'i Rules of Civil Procedure Rule 54(b).

The October 18, 1991 judgment decided that, as a social host server of alcoholic beverages, defendant and third–party plaintiff Albert Cabral (Cabral) was not liable for injuries his intoxicated guest, third–party defendant Jaime M. Bumanglag (Bumanglag), negligently caused to Faulk in an automobile accident. We affirm.

### I.

On May 11, 1988, Cabral had a party at his house in Wailuku. Later on that same day, approximately 0.9 miles north of Olowalu, there was a collision between the Suzuki Samurai vehicle Faulk was driving and the automobile Bumanglag was driving. Faulk was seriously injured. Bumanglag's blood alcohol level was 0.0015 or 0.15 percent and beyond the 0.10 percent maximum tolerance specified in Hawai'i Revised Statutes (HRS) § 291–4(a)(2) (Supp. 1992).

On May 10, 1990, Faulk filed a complaint against Cabral and the other defendants. Cabral was served on March 20, 1991, and filed his answer on May 13, 1991. Cabral filed a third–party complaint against Bumanglag on May 14, 1991. On May 23, 1991, Cabral moved for a summary judgment with respect to Faulk's claims against him. In her July 25, 1991 memorandum in opposition, Faulk requested that Cabral's May 23, 1991 motion not be decided for six months to allow her time to conduct formal discovery.

At the July 30, 1991 hearing on Cabral's motion, the parties stipulated to the following facts:

1.  [Cabral] owned and occupied the subject premises.
2.  CABRAL was the host for a party at the subject premises, and invited [Bumanglag] to the subject premises for the purpose of attending the party.
3.  CABRAL purchased the alcohol for the party, and controlled the supply, service and consumption of the alcohol at the subject premises.
4.  CABRAL observed BUMANGLAG, knew BUMANGLAG had become intoxicated, and continued to serve alcohol to BUMANGLAG with that knowledge.
5.  CABRAL knew of BUMANGLAG'S intention to drive after leaving the subject premises.
6.  CABRAL knew that the consumption of the alcohol by BUMANGLAG would impair the driving ability of BUMANGLAG.
7.  The injuries sustained by [Faulk] were a foreseeable consequence of supplying and serving alcohol to BUMANGLAG at the subject premises.

At the conclusion of the hearing, the court orally granted Cabral's motion. The October 18, 1991 judgment followed.

## II.

HRS § 281–78(b)(1)(B) (Supp. 1992) provides that "[a]t no time under any circumstances shall any [liquor] licensee or its employee . . . [s]ell or furnish any liquor to . . . [a]ny person at the time under the influence of liquor[.]"

On the basis of this statute and in the absence of dram shop legislation, the Hawai'i Supreme Court permitted a person who was injured by an intoxicated driver of an automobile to recover tort damages from a liquor licensee tavern that furnished liquor to the intoxicated driver prior to her operating the vehicle. *Ono v. Applegate*, 62 Haw. 131, 612 P.2d 533 (1980). In Faulk's case, however, Cabral was not, on May 11, 1988, a liquor licensee under HRS Chapter 281 or an employee of a liquor licensee. Hawai'i does not have a statute that imposes upon a non–liquor licensee social host a tort law duty emanating from the fact that the social host furnished liquor to a sober or intoxicated social guest for voluntary consumption.

Thus, the issue is whether, in Hawai'i, a non–liquor licensee social host has a non–statutory tort law duty to protect third persons from risks of personal injury and/or property damage caused when the following three events occur in the following sequence: (1) at the social host's party at the social host's residence, the social host's invited adult guest becomes intoxicated and more intoxicated from consuming alcoholic beverage provided by the social host; (2) while intoxicated, the adult guest leaves the social host's residence and operates an automobile other than the social host's automobile; and (3) the intoxicated adult guest's negligent operation of the automobile causes injury to a third person and/or damage to a third person's property. This is a question of law. Based on *Johnston v. KFC Nat'l Management Co.*, 71 Haw. 229, 788 P.2d 159 (1990), the answer is no.

In *Johnston*, Kentucky Fried Chicken (KFC) employees held an authorized Christmas party for themselves at KFC's Aiea

branch after it closed for operations on that day. KFC supplied some of the food and paper goods. The participants supplied the liquor. Travis, the KFC Aiea branch manager, invited Parks, a KFC employee at another branch. Cui, then age 19, was an employee at the KFC Aiea branch. Cui invited some of the participants to continue the Christmas party at Cui's parents' residence in Wahiawa. Parks was visibly intoxicated when she left the KFC Aiea branch party. Parks drove to Cui's parents' residence and consumed beer supplied by Cui. The party was on the residential premises but not in the house. Cui's parents were asleep in their bedroom. Parks then drove to her home on Ward Avenue, showered, changed clothes, and while driving her friend Wai home, drove into oncoming traffic on Kapiolani Boulevard and severely and permanently injured Johnston, who was operating a moped. The circuit court entered summary judgment in favor of KFC, Cui, and Cui's parents. The Hawai'i Supreme Court affirmed, holding that "as a matter of law, [Cui and Cui's parents], and KFC, as an alleged social host or as an employer, owed no duty to Johnston under the facts of this case." *Id.* at 238, 788 P.2d at 164.

Faulk's attempt to distinguish the facts in her case from the facts in *Johnston* fails. There is no relevant difference.

Likewise, Faulk's suggestion that *Johnston* anticipated its own demise is wrong. In *Johnston*, the Hawai'i Supreme Court saw "no clear judicial trend toward modifying the traditional common law, nor any statutory enactment or policy which leads [it] to conclude that a change in the common law [which imposes no duty upon social hosts] is appropriate at this time." *Id.* at 233–34, 788 P.2d at 162. Faulk has not demonstrated that the judicial trend or policy is relevantly different since *Johnston* was decided in 1990 or that it should be.

## III.

Faulk also contends that the circuit court abused its discretion when it denied her request for a delay of six months to permit her to

conduct formal discovery. We conclude that the circuit court did not abuse its discretion.

According to Faulk's Opening Brief, she wanted time to discover "facts as to the actual conduct of CABRAL and BUMANGLAG . . . which may have shown an exacerbated situation imposing a greater duty [than was imposed by the stipulated facts] or a duty based on other facts." Other than an intentional tort, we cannot imagine a situation more exacerbating than the situation described in the stipulated facts, and nothing in the record reasonably suggests the possible existence of any facts more exacerbating than the stipulated facts.

## IV.

Accordingly, we affirm the circuit court's October 18, 1991 judgment entered in accordance with its October 18, 1991 Order Granting Defendant and Third–Party Plaintiff Albert Cabral's Motion for Summary Judgment.

*Lowell D. Chatburn* on the briefs for plaintiff–appellant.
*Randall Y.S. Chung, Kevin P.H. Sumida*, and *Janis L. Turner* on the brief for defendant and third–party plaintiff–appellee.