FREDDY NOBRIGA ENTERPRISES, INC. and ALFRED J. NOBRIGA Plaintiffs-Appellants,
v.
STATE OF HAWAII, DEPARTMENT OF HAWAIIAN HOME LANDS, and PARKER RANCH, INC., d.b.a. PARKER RANCH, Defendants-Appellees
No. 28149
Intermediate Court of Appeals of Hawaii.
February 8, 2008
Walter R. Schoettle, for Plaintiffs-Appellants.
Diane K. Taira, Kumu B. Vasconcellos, Deputy Attorneys General for Defendant-Appellee, State of Hawai`i, Department of Hawaiian Home Lands.
R. Lauree McGuire, S.V. (Bud) Quitiquit, (Brooks Tom Porter & Quitiquit LLP), for Defendant-Appellee Parker Ranch, Inc. d.b.a., Parker Ranch.

MEMORANDUM OPINION
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.
Plaintiffs-Appellants Freddy Nobriga Enterprises, Inc. and Alfred Nobriga (collectively, Nobriga) appeal from the Judgment filed on August 15, 2006 in the Circuit Court of the Third Circuit[1] (circuit court). The circuit court granted summary judgment in favor of Defendants-Appellees State of Hawai`i Department of Hawaiian Home Lands (State) and Parker Ranch, Inc. (Parker Ranch) and against Nobriga on all Nobriga's claims in the July 26, 2005 Complaint.
On appeal, Nobriga argues that the circuit court erred when
(1) granted summary judgment in favor of the State and Parker Ranch because the motion was not properly supported by declarations based on personal knowledge as required by Hawai`i Rules of Civil Procedure (HRCP) Rule 56(e);
(2) granted summary judgment in favor of Parker Ranch because it was the State, not Parker Ranch, that moved for summary judgment;
(3) concluded that Nobriga was not an intended beneficiary of the lease agreement between the State and Parker Ranch;
(4) granted summary judgment in favor of the State and Parker Ranch on Nobriga's claims of trespass, nuisance, and negligence because these claims were not raised in the motion; and
(5) granted summary judgment in favor of the State and Parker Ranch "without granting leave to amend the [C]omplaint."
For the reasons set forth below, we vacate the Judgment as to the circuit court's grant of summary judgment in favor of Parker Ranch and the State on Nobriga's trespass, nuisance, and negligence claims and affirm the Judgment with respect to Nobriga's contract claims.

I. BACKGROUND
On July 26, 2005, Nobriga filed a Complaint, in which Nobriga alleged in part:
(1) Parker Ranch leased land from the State pursuant to a lease agreement that obligated Parker Ranch to control a noxious weed known as gorse that was prevalent on the land.
(2) Nobriga leased land directly adjacent to the land leased by Parker Ranch, and Parker Ranch owed Nobriga a duty to control the gorse on Parker Ranch's land.
(3) The State owed Nobriga a duty to enforce the gorse-control provisions in the lease between the State and Parker Ranch.
(4) The State and Parker Ranch had allowed gorse to cover approximately 10,000 acres leased by Parker Ranch.
(5) The State and Parker Ranch had breached their duty to control the gorse and caused Nobriga to incur gorse-control and related expenses because the gorse had spread to Nobriga's land.[2]
Nobriga sought damages and injunctive relief.
On May 26, 2006, the State filed its Motion to Dismiss, or in the Alternative, for Summary Judgment (Motion for SJ). The Motion for SJ was supported by the Declaration of Linda Chinn (Chinn), the Administrator for the Land Management Division of the Department of Hawaiian Home Lands. Chinn purported to set forth the nature and extent of the gorse infestation on the subject land and offered her opinion that the lease between the State and Parker Ranch was not intended to benefit Nobriga. On June 26, 2006, Parker Ranch filed a substantive joinder in the Motion for SJ. Attached to the joinder was the Declaration of Brandi Beaudet[3] (Beaudet), the Land Resources and Facilities Manager for Parker Ranch; Beaudet's declaration was substantially similar to Chinn's declaration. Nobriga filed a memorandum in opposition to the motion.
On July 12, 2006, the circuit court, treating the motion as one for summary judgment, orally granted the motion. On July 28, 2006, the circuit court filed its written findings of fact, conclusions of law, and order granting the motion, and the court re-filed the same document on August 1, 2006. The circuit court found and concluded that Nobriga was not an intended beneficiary of the lease between Parker Ranch and the State. The circuit court's findings did not address any trespass, nuisance, or negligence claims. On August 15, 2006, the circuit court filed its Judgment. On September 13, 2006, Nobriga timely filed a notice of appeal.

II. STANDARD OF REVIEW
"We review the circuit court's grant or denial of summary judgment de novo." Querubin v. Thronas, 107 Hawai`i 48, 56, 109 P.3d 689, 697 (2005) (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawai`i 490, 501, 100 P.3d 60, 71 (2004)). The Hawai`i Supreme Court has often articulated that
summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.
Querubin, 107 Hawai`i at 56, 109 P.3d at 697 (quoting Durette, 105 Hawai`i at 501, 100 P.3d at 71).
Hawai`i Rules of Civil Procedure (HRCP) Rule 56(e) provides in relevant part:
Rule 56. Summary judgment.
. . . .

(e) Form of affidavits; further testimony; defense required. . . . When a motion for summary judgment is made. . . , an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
Thus, "[a] party opposing a motion for summary judgment cannot discharge his or her burden by alleging conclusions, `nor is [the party] entitled to a trial on the basis of a hope that [the party] can produce some evidence at that time.'" Henderson v. Prof'l Coatings Corp., 72 Haw. 387, 401, 819 P.2d 84, 92 (1991) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2727 (1983)).

III. DISCUSSION

A. Standing.
As a prerequisite to a court's exercise of jurisdiction over a party's claim, that party must demonstrate that it has standing to press that claim. Mottl v. Miyahira, 95 Hawai`i 381, 388, 23 P.3d 716, 723 (2001). The issue of standing addresses whether plaintiff has the right to bring suit. Pele Defense Fund V. Puna Geothermal Venture, 77 Hawai`i 64, 67, 881 P.2d 1210, 1213 (1994). The plaintiff shoulders the burden of establishing the three elements of standing: has plaintiff suffered an actual or threatened injury by defendant's conduct, 2) is plaintiff's injury fairly traceable to defendant's actions, and 3) would a favorable decision likely provide redress for that injury. Sierra Club v. Hawaii Tourism Auth., 100 Hawai`i 242, 250, 59 P.3d 877, 885 (2002). While Nobriga fails to sustain that burden as to the alleged contract claims, Nobriga does sustain the burden with regard to the alleged tort claims.

B. Contract Claims
The circuit court correctly granted summary judgment in favor of the State and Parker Ranch on Nobriga's contract claims. Nobriga lacks standing to enforce the gorse control provisions of Parker Ranch's lease with the State because that lease created no duty owed to Nobriga.
In Blair v. Ing, 95 Hawai`i 247, 21 P.3d 452 (2001), the Hawaii Supreme Court summarized the essence of a third-party beneficiary's claim thusly:
The essence of a third-party beneficiary's claim is that others have agreed between themselves to bestow a benefit upon the third party but one of the parties to the argument fails to uphold his [or her] portion of the bargain. Thus, the third[-]party beneficiary approach focuses the existence of a duty entirely on whether the plaintiff was the person intended to be benefitted by the [promise] and does not extend to those incidentally deriving an indirect benefit. In other words, [plaintiff] must have been an intended beneficiary, not merely an incidental beneficiary.
Id. at 255, 21 P.3d at 460 (internal quotation marks, citations, and brackets in original omitted).
Nobriga cites to Hunt v. First Insurance Company of Hawaii. Ltd., 82 Hawai`i 363, 922 P.2d 976 (App. 1996), in support of Nobriga's position that Nobriga was an intended third-party beneficiary of the lease agreement between the State and Parker Ranch. In Hunt, this court, in concluding that a supermarket slip-and-fall victim was an intended third-party beneficiary of an insurance contract between an insurer and a supermarket, held that a third party will have an enforceable contract right if the contracting parties intended to confer direct benefits on that third party. Id. at 365 & 367-68, 922 P.2d at 978 & 980-81. Nobriga claims that reasoning applies in this case as well, but we are hard-pressed to make that connection. By their very nature, liability insurance contracts exist to protect against claims made by injured third parties; not so with land lease agreements, even those with provisions requiring the lessor to maintain the land in a particular state. At best, Nobriga is an incidental beneficiary of the lease agreements at issue here. An incidental beneficiary is "a person who will be benefitted by the performance of a contract in which [the person] is not a promisee, but whose relation to the contracting parties is such that the courts will not recognize any legal right in [the person]." Eastman v. McGowan, 86 Hawai`i 21, 28 n.8, 946 P.2d 1317, 1324 n.8 (1997) (quoting 4 Corbin, Corbin on Contracts § 779C (1951)). The relevant portions of the lease agreements governing the control of gorse do not expressly refer to adjoining lands, and nothing in the language of the agreement indicates that the promise is made for the benefit of adjoining lands; nor is this the type of agreement that, by its very nature, contemplates the involvement of a third party. The lease agreement between Parker Ranch and the State created no duty owed to Nobriga, and therefore Nobriga lacks standing under a contract theory. The circuit court correctly ruled in favor of Parker Ranch and the State on the breach-of-contract claims Nobriga predicated on Nobriga's purported third-party beneficiary status.

C. Tort Claims.
The circuit court erred in granting summary judgment in favor of the State and Parker Ranch on Nobriga's tort claims. Although not set forth in separate counts in the Complaint, Nobriga clearly alleged causes of action sounding in negligence, private nuisance, and trespass. The Complaint stated, in relevant part:
12. Defendant Parker Ranch, Inc., and its predecessors-in-interest owe a duty to [Nobriga] to control the noxious weed, gorse.
13. Defendant Parker Ranch, Inc., and its predecessors-in-interest have breached their duty to control the noxious weed, gorse, in that more than 10,000 acres of land on [the land leased by Parker Ranch] have been infested with gorse.
14. [The State] owes a duty to [Nobriga] to enforce the provisions of said leases which require Defendant Parker Ranch, Inc., and its predecessors-in-interest to control the noxious weed, gorse.
15. [The State] has failed to enforce the provisions of said leases which require Defendant Parker Ranch, Inc., and its predecessors-in-interest to control the noxious weed, gorse.
16. [Nobriga has] been injured as the direct and proximate result of [the State and Parker Ranch's] conduct as alleged herein in the following particulars:
a. [Nobriga has] incurred and will continue to incur expense to control gorse which has and continues to spread from the gorse infested areas in [the State and Parker Ranch's] possession and control to areas in [Nobriga's] possession and control.
HRCP Rule 8(e)(1) requires that "(e)ach averment of a pleading shall be simple, concise, and direct." Ellis v. Crockett, 51 Haw. 45, 47, 451 P.2d 814, 818 (1969). However, it is also well established that, generally, pleadings must be construed liberally and not technically. HRCP Rule 8(f)[4]; Au v. Au, 63 Haw. 210, 221, 626 P.2d 173, 181 (1981). A liberal reading of Nobriga's Complaint plainly reveals tort claims.
As to Nobriga's negligence claims, the Hawai`i Supreme Court stated in Knodle v. Waikiki Gateway Hotel, Inc., 69 Haw. 376, 742 P.2d 377 (1987):
[T]he elements of a cause of action founded on negligence are:
1. A duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks;
2. A failure on the defendant's part to conform to the standard required: a breach of the duty;
3. A reasonably close causal connection between the conduct and the resulting injury[;] and
4. Actual loss or damage resulting to the interests of another[.]
W.P. Keeton, Prosser and Keeton on the Law of Torts § 30, at 164-65 (5th ed. 1984) (footnotes omitted); see also Ono v. Applegate, 62 Haw. 131, 137, 612 P.2d 533, 538-39 (1980).
69 Haw. at 384-85, 742 P.2d at 383 (brackets in original and ellipses omitted). Nobriga's Complaint alleged each of those elements.
Likewise, as to the tort of private nuisance, Nobriga's Complaint alleged that the State and Parker Ranch caused Nobriga's ranching operations harm by failing to stop the spread of gorse. Nobriga's allegations amount to a nuisance claim by falling within the realm of acts "which unlawfully annoy[] or [do] damage to another, anything that works hurt, inconvenience, or damage, anything which annoys or disturbs one in the free use, possession, or enjoyment of his property or which renders its ordinary use or physical occupation uncomfortable, and anything wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights." Littleton State of Hawaii, 66 Haw. 55, 67, 656 P.2d 1336, 1344 (1982) (internal quotation marks and citation omitted).
Finally, as to trespass, Hawaii Revised Statutes (HRS) § 663-1 (Supp. 2007) allows private parties to sue responsible parties for injuries caused by the responsible parties' trespasses.[5] The Restatement (Second) of Torts § 165 (1977). (Liability for Intrusions Resulting From Reckless or Negligent Conduct and Abnormally Dangerous Activities) provides:
One who recklessly or negligently, or as a result of an abnormally dangerous activity, enters land in the possession of another or causes a thing or third person so to enter is subject to liability to the possessor if, but only if, his presence or the presence of the thing or the third person upon the land causes harm to the land, to the possessor, or to a thing or a third person in whose security the possessor has a legally protected interest. The allegations contained within paragraphs 5, 7, 10, 15, and 16a of the Complaint suffice to put the defendants on notice that claims of trespass were at issue in this case)[6]
At summary judgment, neither the State nor Parker Ranch addressed the tort claims raised by Nobriga and thus fell far short of shouldering their burden under HRCP Rule 56 to demonstrate the absence of any triable issue.[7] The circuit court erred in granting summary judgment in favor of the State and Parker Ranch as to Nobriga's tort claims.

D. Other contentions.
Nobriga also contends the circuit court erred by considering, at summary judgment, declarations not supported by personal knowledge. Nobriga also argues that the State did not have standing to move for summary judgment on behalf of Parker Ranch and the circuit court erred in dismissing supportable claims without granting leave to amend. These contentions are moot because we vacate the circuit court's Judgment as to Nobriga's tort claims and the contentions do not impact our holding as to Nobriga's contract claims.

IV. CONCLUSION
Based on the foregoing, we vacate the circuit court's Judgment filed on August 15, 2006 with respect to the tort claims of trespass, nuisance, and negligence raised by Nobriga against both the State and Parker Ranch, affirm the Judgment with respect to Nobriga's contract claims, and remand this case for further proceedings consistent with this opinion. We express no opinion as to the merits of Nobriga's tort claims.

ORDER OF CORRECTION
IT IS HEREBY ORDERED that the Memorandum Opinion filed on February 8, 2008 in the above case is corrected by changing on page 11 the middle name of counsel for Defendant-Appellee Parker Ranch, Inc. from "Lauree" to "Laree."
The Clerk of the Court is directed to incorporate the foregoing changes in the original opinion and take all necessary steps to notify the publishing agencies of this change.
NOTES
[1] The Honorable Glenn S. Hara presided.
[2] Nobriga alleged that he had incurred expenses related to the retrieval of cattle from the gorse-infested areas and the permanent loss of cattle that had entered those areas.
[3] A copy of Brandi Beaudet's declaration was attached to Parker Ranch's joinder; counsel for Parker Ranch represented that the original would be filed at a later date. Although no original of the affidavit appears in the record, neither does any objection by Nobriga.
[4] Hawai`i Rules of Civil Procedure Rule 8(f) states: "All pleadings shall be so construed as to do substantial justice."
[5] Hawaii Revised Statutes (HRS) § 663-1 (Supp. 2007) provides now, as did when the complaint underlying this appeal was filed, as follows:

§663-1 Torts, who may sue and for what. Except as otherwise provided, all persons residing or being in the State shall be personally responsible in damages, for trespass or injury, whether direct or consequential, to the person or property of others, or to their spouses or reciprocal beneficiaries, children under majority, or wards, by such offending party, or the offending party's child under majority, or by the offending party's command, or by the offending party's animals, domestic or wild; and the party aggrieved may prosecute therefor in the proper courts.
[6] The record does not indicate whether tolerance of gorse on ranching land is an abnormally dangerous activity, and therefore we express no opinion as to the merits of the trespass question.
[7] HRS Chapter 662 (State Tort Liability Act) does not insulate the State from Nobriga's tort claims. HRS § 662-2 (1993) provides:

§662-2 Waiver and liability of State. The State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.