**Electronically Filed
Supreme Court
SCWC-13-0001803
21-NOV-2019
10:32 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

BERNADINE KUAHIWINUI, Individually and as Personal
Representative of the Estate of KRISTERPHER KAUPU-KUAHIWINUI,
deceased; and KENNETH KAUPU,
Respondents/Plaintiffs-Appellants,

vs.

ZELO'S INC., dba SUSHI & BLUES,
Petitioner/Defendant-Appellee,

and

TAHITI NUI ENTERPRISES, INC., dba TAHITI NUI,
and STATE OF HAWAI'I,
Respondents/Defendants-Appellees.
(5CC08000067)

_____

ZELO'S INC., dba SUSHI & BLUES,
Petitioner/Third-Party Plaintiff,

vs.

SOLOMON MAKUA KUAHIWINUI,
Respondent/Third-Party Defendant.
(5CC08000067)

_____

STATE OF HAWAI'I,
Respondent/Third-Party Plaintiff,

vs.

SOLOMON KUAHIWINUI and CHRISTOPHER FERGUSON,
Respondents/Third-Party Defendants.
(5CC08000067)

_____

SHERYL ANN ACKERMAN, Individually; SHERYL ANN ACKERMAN, as
mother of, natural guardian and next friend for BRITNEY
ANN HARDSKY, minor; and SHERYL ANN ACKERMAN, as
Personal Representative of the Estate of
CHRISTOPHER COLE FERGUSON, deceased,
Respondent/Plaintiff,

vs.

ZELO'S INC., dba SUSHI & BLUES,
Petitioner/Defendant,

and

SOLOMON MAKUA KUAHIWINUI; JAMES B. EDMONDS; TAHITI NUI
ENTERPRISES, INC., dba TAHITI NUI; STATE OF HAWAI'I;
and THE COUNTY OF KAUAI,
Respondents/Defendants.
(5CC08000069)

_____

SCWC-13-0001803

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0001803)

November 21, 2019

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY WILSON, J.

Under Hawai'i's liquor control statute, Hawai'i Revised

Statutes ("HRS") § 281-78 (Supp. 1996), liquor licensees have a

duty to refrain from serving alcohol to patrons that they know,

or have reason to know, are under the influence of intoxicating liquor. Ono v. Applegate, 62 Haw. 131, 138, 612 P.2d 533, 539 (1980). A negligent violation of this duty constitutes a cause of action known as a "dram shop" action. Id. at 134 n.2, 612 P.2d at 537 n.2. Respondents/Plaintiffs-Appellants Bernadine Kuahiwinui and Kenneth Kaupu ("Kristerpher's Estate") assert a dram shop claim on behalf of their son, Kristerpher Kuahiwinui ("Kristerpher"),[1] who died while riding as a passenger in a vehicle driven by Kristerpher's intoxicated cousin Solomon Kuahiwinui ("Solomon"). The liquor licensee that served Solomon and Kristerpher alcohol, Petitioner/Defendant-Appellee Zelo's Inc. ("Zelo's"), moved for summary judgment on the dram shop claim, alleging that Kristerpher's Estate lacked standing to bring its claim of negligence against Zelo's. The Circuit Court of the Fifth Circuit ("circuit court") granted summary judgment to Zelo's because Kristerpher was also intoxicated at the time of the accident, and therefore not an "innocent third party" with standing to bring a dram shop claim.[2] The Intermediate Court of Appeals ("ICA") reversed the circuit court's judgment, holding that there are genuine issues of material fact regarding

---

[1]     Bernadine Kuahiwinui brought the case in her individual capacity and as representative of Kristerpher's estate. Kenneth Kaupu appears in his individual capacity.

[2]     The Honorable Randal G.B. Valenciano presided.

the complicity defense, i.e. "whether Kristerpher actively contributed to or procured the intoxication of Solomon and thus, whether Kristerpher falls within the protected class of innocent third parties entitled to bring a dram shop cause of action." Kuahiwinui v. Zelo's Inc., 141 Hawai'i 368, 379, 409 P.3d 772, 783 (App. 2017). Because the complicity defense is inconsistent with application of the defense of contributory negligence, the judgment of the ICA is affirmed, but on the grounds that there are genuine issues of material fact as to whether Kristerpher's contributory negligence exceeded the negligence of Zelo's.

## I.   Background

On April 1, 2006 on the island of Kaua'i, Solomon was driving his cousin, Kristerpher, and friend, Christopher Ferguson ("Ferguson"), home after having dinner and alcoholic drinks at Sushi & Blues—a restaurant owned and operated by Zelo's. When their vehicle failed to negotiate a left turn, it tumbled down an embankment and landed in the Hanalei River upside-down. Solomon survived, but Kristerpher and Ferguson were unable to escape from the vehicle, and died.

Solomon testified in his deposition as to the events that occurred leading up to the accident. When Solomon, Ferguson, and Kristerpher stopped at a bank to deposit their checks in the late afternoon on March 31, 2006, Ferguson purchased a twelve-pack of beer from a nearby store. They drove

4

to Hanalei Bay, where they remained for two hours drinking beer. Kristerpher also purchased marijuana from a group of people nearby. Solomon drank two beers and smoked marijuana during this time. Solomon then drove himself, Kristerpher, and Ferguson from Hanalei Bay to Sushi & Blues, where they had dinner and drinks. They were served by Zelo's' employee Serge Bullington ("Bullington") who later stated in his deposition that Solomon did not appear intoxicated. Bullington recalled serving Solomon two beers and two shots. According to Solomon, Kristerpher also purchased a mixed drink with "strong tequila" which the three men shared.

Solomon, Kristerpher, and Ferguson left Sushi & Blues and Solomon drove them to a nearby bar called Tahiti Nui. Solomon ordered one beer at Tahiti Nui, but after a few sips, the security guard asked Solomon and Kristerpher to leave.[3] When they left Tahiti Nui around midnight, Solomon was driving. As the car approached the Hanalei Bridge, it failed to negotiate a left turn, hit a guard rail, rolled down an embankment, and plunged into the river upside down. Kristerpher and Ferguson drowned and Solomon escaped. Blood tests later revealed that

---

[3] Solomon speculated that they were asked to leave Tahiti Nui because Kristerpher was underage.

Solomon's blood alcohol content ("BAC") was 0.13, or one and a half times the legal limit for driving.[4]

A.      Circuit Court Proceedings

As noted, Kristerpher's Estate filed a dram shop claim against Zelo's.[5] It argued that Zelo's breached its duty to refrain from serving alcohol to patrons that it knew, or had reason to know, were under the influence of an intoxicant. Zelo's moved for summary judgment with respect to the dram shop claim, arguing that "[i]ntoxicated persons . . . are simply not afforded the right to assert civil liability against a commercial seller of alcohol[.]" Because Kristerpher was intoxicated at the time of his death,[6] Zelo's argued that he did not fall within the class of persons intended to be protected by dram shop liability. The circuit court granted Zelo's' motion for summary judgment, finding that Kristerpher's Estate lacked

_____

[4]      Pursuant to HRS § 291E-61(a)(4) (Supp. 2005), the legal limit for driving is 0.08 grams of alcohol per one hundred milliliters or cubic centimeters of blood:

> (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
>      . . . .
>
>      (4)  With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

[5]      Kristerpher's Estate also brought a dram shop claim against Tahiti Nui, but it was dismissed with prejudice pursuant to a stipulation entered into by the parties.

[6]      Kristerpher's BAC at the time of the accident was 0.16—twice the legal limit for driving.

standing to assert the claim because Kristerpher was intoxicated at the time of the accident. It held that Zelo's did not owe a duty to Kristerpher to refrain from serving alcohol to Solomon, the driver, because Kristerpher was not an "innocent third party" protected by the dram shop law. Kristerpher's Estate appealed to the ICA.

B. **ICA Proceedings**

On appeal, Kristerpher's Estate argued that the circuit court erred in holding that Kristerpher was not an "innocent third party" intended to be protected by the dram shop law. It claimed that only individuals who injure themselves as a result of drunk driving are precluded from asserting dram shop causes of action, and since Kristerpher was a passenger in a vehicle driven by a drunk driver, Kristerpher's Estate is not barred from raising the claim.

The ICA vacated the circuit court's order granting summary judgment to Zelo's. Zelo's, 141 Hawai'i at 379, 409 P.3d at 783. It described the duty owed by a liquor licensee "not to serve alcohol to a person it knows or reasonably should know is under the influence of alcohol" and noted that the class of people intended to be protected by this legal duty are "innocent third parties." Id. at 369, 409 P.3d at 773. The ICA stated that "an innocent third party injured by a drunk driver has a negligence cause of action against a liquor licensee that,

7

preceding the injury, served alcohol to the drunk driver, who it knew or reasonably should have known was intoxicated." Id. The ICA held that an injured third party that is intoxicated "is not automatically excluded from the class of innocent third parties entitled to pursue a dram shop cause of action." Id. at 372, 409 P.3d at 776. Rather, only an individual "*who injures himself or herself* while driving drunk" is precluded from raising such a claim. Id. at 376, 409 P.3d at 780 (emphasis in original).

To determine what constitutes an "innocent third party," the ICA applied a complicity defense analysis that has been adopted in several other jurisdictions. Id. at 378, 409 P.3d at 782. Under a complicity defense, an injured third party is excluded from the class of "innocent third parties" that may bring a dram shop claim against a liquor licensee when he or she "actively contributed to or procured the intoxication of the drunk driver who injured him or her." Id. at 370, 409 P.3d at 774. Here, because Kristerpher was not the driver of the vehicle, the ICA determined that he was not automatically excluded from the class of "innocent third parties." Id. at 376-77, 409 P.3d at 780-81. However, it held that genuine issues of material fact existed concerning whether Kristerpher "actively contributed to or procured" Solomon's intoxication, which would remove him from the class of "innocent third

8

parties" and thereby bar him from raising a dram shop claim against Zelo's.  Id. at 379, 409 P.3d at 783.  The ICA vacated the circuit court's judgment and remanded to the circuit court for further proceedings consistent with its opinion that the complicity defense was available to Zelo's.  Id.

### C.    Supreme Court Filings

Zelo's raised three issues in its Application for Writ of Certiorari:  (1) generally, whether a party asserting a dram shop cause of action must establish its "standing as an 'innocent third party' within the protected class of individuals for which the claim is reserved[;]" (2) whether Kristerpher is an "innocent third party;" and (3) whether the ICA erred in applying the complicity defense to determine that there are genuine issues of material fact with regard to Kristerpher's status as an "innocent third party."  In response, Kristerpher's Estate argued that the ICA properly applied the complicity defense doctrine and correctly found that there are genuine issues of material fact regarding whether Kristerpher is an "innocent third party" in this case.

### II.  Standard of Review

The appellate court reviews "the circuit court's grant or denial of summary judgment *de novo*."  Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (quoting Durette v.

9

Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)). This court has often articulated that:

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. (brackets in original) (quoting Durette, 105 Hawai'i at 490, 100 P.3d at 71).

### III. Discussion

**A. Kristerpher's Estate has standing to assert a dram shop claim against Zelo's.**

Kristerpher's Estate has standing to raise a dram shop claim against Zelo's pursuant to Hawai'i's liquor control statute, HRS § 281-78,[7] which imposes a duty upon liquor licensees to refrain from serving individuals that the licensees know, or have reason to know, are under the influence of an intoxicating liquor. See Ono, 62 Haw. at 138, 612 P.2d at 539. Although a dram shop owes no duty to a customer who injures himself or herself after drinking, it owes a duty to innocent

---

[7] At the time of the accident, HRS § 281-78(b)(1)(B) (Supp. 1996) stated "[a]t no time under any circumstances shall any licensee or its employee . . . [s]ell, serve, or furnish any liquor to, or allow the consumption of any liquor by: . . . [a]ny person at the time under the influence of liquor[.]"

injured third parties.[8] Bertelmann, 69 Haw. at 101, 735 P.2d at 934.

Bertelmann does not provide a dispositive resolution to the question raised by this case. Bertelmann involved a consumer of alcohol who died from injuries he received while driving his car alone after drinking at a hotel. Id. at 96, 735 P.2d at 931. This court held that "merely serving liquor to an already intoxicated customer and allowing said customer to leave the premises, of itself, does not constitute actionable negligence" "in the absence of harm to an innocent third party," id. at 101, 735 P.2d at 934, but did not expound on who counts as an "innocent third party." In our view, "an innocent third

---

[8]    In Bertelmann v. Taas Assocs., this court "emphatically reject[ed] the contention that intoxicated liquor consumers can seek recovery from the bar or tavern which sold them alcohol" in the absence of "affirmative acts which increase the peril of an intoxicated customer." 69 Haw. 95, 100-01, 735 P.2d 930, 933-34 (1987). In doing so, we created an inconsistency between our dram shop liability rules and our general modified comparative negligence statute, HRS § 663-31 (2016), under which "an injured plaintiff may recover against a defendant even if her negligence contributed to her own injury, as long as her negligence is not greater than that of the defendant." Steigman v. Outrigger Enters., Inc., 126 Hawai'i 133, 135, 267 P.3d 1238, 1240 (2011). It has accordingly been suggested that our holding in Bertelmann, which was later reaffirmed in Feliciano v. Waikiki Deep Water, Inc., 69 Haw. 605, 752 P.2d 1076 (1988), and extended to preclude underage drinkers from recovering from commercial liquor sellers in Winters v. Silver Fox Bar, 71 Haw. 524, 797 P.2d 51 (1990), should be reassessed. See Reyes v. Kuboyama, 76 Hawai'i 137, 147, 870 P.2d 1281, 1291 (1994) (Levinson, J., concurring). However, in 2003, the legislature implicitly acknowledged this inconsistency by enacting HRS § 663-41 (2016), which imposes the same liability rules on social hosts. HRS § 663-41 provides that social hosts over the age of twenty-one who provide or permit the provision of alcoholic beverages to persons under the age of twenty-one are "liable for all injuries or damages caused by the intoxicated person under twenty-one years of age[,]" except that "[a]n intoxicated person under the age of twenty-one years who causes an injury or damage shall have no right of action under this part."

party" would, under our law of comparative negligence, be a person whose negligence does not exceed that of the tortfeasor.

Because Kristerpher's Estate is a third party representing an individual who sustained injuries allegedly due to the negligent conduct of Zelo's, it has standing to bring a dram shop claim against Zelo's. See Ono, 62 Haw. at 134-41, 612 P.2d at 537-41. Under the facts of this case and the holding of Bertelmann, only Solomon, the driver, would be precluded from recovering from Zelo's.[9]

**B.    The complicity defense is not applicable in this jurisdiction because it conflicts with the comparative negligence statute.**

The complicity defense bars an individual from asserting a dram shop claim if the individual "actively contributed to or procured the intoxication of" the drunk driver. Zelo's, 141 Hawai'i at 379, 409 P.3d at 783. The comparative negligence defense applicable in this jurisdiction is inconsistent with the complicity defense. Pursuant to HRS § 663-31(a), claims arising from acts of negligence that result "in death or in injury to person or property" are not barred by the negligence of the injured plaintiff unless his or her

---

[9]    That is not to say, however, that a passenger injured in a drunk driving accident is precluded as a matter of law from being found to be more responsible than a commercial supplier of liquor under our general modified comparative negligence rules. Accordingly, we agree with the ICA that a passenger's own intoxication does not "automatically exclude[] him from the class of innocent third parties protected by the dram shop cause of action." Zelo's, 141 Hawai'i at 377, 409 P.3d at 781 (emphasis added).

negligence is greater than that of the individual against whom recovery is sought.[10] The complicity defense conflicts with HRS § 663-31(a) because it <u>bars</u> a potential plaintiff from asserting a negligence claim against a liquor licensee per se if the plaintiff "actively contributed to or procured the intoxication of" the individual that caused the plaintiff's injury,

---

[10]     HRS § 663-31 provides:

(a)  Contributory negligence shall not bar recovery in any action by any person or the person's legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.

(b)  In any action to which subsection (a) of this section applies, the court, in a nonjury trial, shall make findings of fact or, in a jury trial, the jury shall return a special verdict which shall state:

(1)  The amount of the damages which would have been recoverable if there had been no contributory negligence; and

(2)  The degree of negligence of each party, expressed as a percentage.

(c)  Upon the making of the findings of fact or the return of a special verdict, as is contemplated by subsection (b) above, the court shall reduce the amount of the award in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made; provided that if the said proportion is greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons against whom recovery is sought, the court will enter a judgment for the defendant.

(d)  The court shall instruct the jury regarding the law of comparative negligence where appropriate.

regardless of whether the plaintiff's negligence is greater than that of the liquor licensee. Zelo's, 141 Hawai'i at 379, 409 P.3d at 783. Therefore, the complicity defense would bar recovery to an injured individual who would otherwise be able to recover pursuant to the comparative negligence statute, HRS § 663-31. Accordingly, evidence that Kristerpher "actively contributed to or procured the intoxication of Solomon" is relevant to the jury's comparison of the degree of negligence between Kristerpher and Zelo's, but any "active" contribution by him does not bar Kristerpher's Estate from raising a dram shop claim against Zelo's. Id.

**C. There are genuine issues of material fact regarding whether Kristerpher's negligence exceeded that of Zelo's.**

Summary judgment is required if, viewing the evidence in the light most favorable to the non-moving party, "there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Querubin, 107 Hawai'i at 56, 109 P.3d at 697 (quoting Durette, 105 Hawai'i at 501, 100 P.3d at 71). Per Zelo's' comparative negligence defense—and viewing the evidence in the light most favorable to Kristerpher's Estate—genuine issues of material fact exist as to whether Zelo's' negligence exceeded Kristerpher's. The record contains evidence that could support a finding that Zelo's was negligent. Before arriving at Sushi & Blues, Solomon drank two

14

beers and smoked marijuana. Evidence that Solomon had been drinking and smoking before he arrived at Sushi & Blues indicates that Zelo's may have known, or had reason to know, that Solomon was under the influence of an intoxicant when it served him alcohol. See Ono, 62 Haw. at 140, 612 P.2d at 540. The record also contains evidence that Kristerpher may have been negligent. Solomon testified in his deposition that Kristerpher purchased and smoked marijuana and drank beers with Solomon at Hanalei Bay and purchased one "strong" mixed drink which he shared with Solomon at Sushi & Blues before riding as a passenger in a car driven by Solomon. Because Kristerpher accepted a ride from an individual with whom he had been consuming intoxicants, a jury could find that Kristerpher was negligent. However, viewed in the light most favorable to Kristerpher's Estate, the evidence in the record contains a genuine issue of material fact as to the degree of negligence attributable to Kristerpher and Zelo's, and whether Kristerpher engaged in conduct that was more negligent than that of Zelo's.

### IV. Conclusion

Viewing the evidence in the light most favorable to the non-moving party, there are genuine issues of material fact as to whether Kristerpher's negligence was greater than that of Zelo's. Therefore, we affirm the ICA's January 30, 2018 judgment on appeal vacating the circuit court's June 7, 2013

final judgment but for the reasons stated herein and remand to the circuit court for further proceedings consistent with this opinion.

Michelle-Lynn E. Luke
for Petitioner

Stephen M. Tannenbaum
(James J. Bickerton
Nathan P. Roehrig
on the brief)
for Respondents
Bernadine Kuahiwinui
and Kenneth Kaupu

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

